IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CR-00296-RJC-CH

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| RICO CORNELL CAMPBELL | ) |
| | ) |

**THIS MATTER** is before the Court on defendant's pro se Motion for Relief at Sentencing. (Doc. No. 43).

The defendant, who faces revocation of supervised release, claims that he should never have been charged with a violation of 18 U.S.C. § 922(g) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The defendant has not alleged any statutory basis for relief; however, a person in custody may move the Court to vacate a sentence imposed in violation of the Constitution or laws of the United States under 28 U.S.C. § 2255. The Court is required to allow a defendant the opportunity to express his intent in regard to his motion, that is, whether he intended to file under § 2255. Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008). In making these determinations, the defendant should be aware that the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that § 2255 motions have a one-year limitation period.[1] He should be further aware that

---

[1] Specifically, the Act provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

second or successive motions under § 2255 generally are prohibited. 28 U.S.C. § 2255.
Therefore, a second or successive motion would have to be certified by a panel of the appropriate
court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244. Certification for second or successive motions to vacate rarely is granted.

Because the defendant was sentenced in 2006, (Doc. No. 16: Judgment), it appears that a motion to vacate under § 2255 would be subject to dismissal as untimely filed. The Fourth Circuit has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Sexton, No. 02-6273, slip op. at 1 (4th Cir. Feb. 28, 2003). Therefore, the defendant should state why any motion under § 2255 should not be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that within twenty (20) days of the date of this Order, the defendant shall file a document:

---

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

1. stating whether or not he wants this Court to treat his Motion for Relief at Sentencing (Doc. No. 43) as a motion to vacate under § 2255; and

2. explaining why he believes the claim should be deemed timely filed.

**IT IS FURTHER ORDERED** that if the defendant fails timely to respond, the Court will dismiss the motion without prejudice.

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge